STEVEN G. KALAR
Federal Public Defender
ELISSE LAROUCHE
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    415.436.7700
Facsimile:    415.436.7706
elisse_larouche@fd.org

Counsel for Defendant ALEXANDER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 18-0520 SI |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| LEE P. ALEXANDER, | |
| Defendant. | **Noticed Motion Date:** July 10, 2020, at 11:00 a.m. |

PLEASE TAKE NOTICE that on July 10, 2020, at 11:00 a.m. in the courtroom of the Honorable Susan Illston, or as soon thereafter as the matter may be heard, counsel for Defendant Lee P. Alexander will move the Court for early termination of his supervised release. This motion is based on the attached memorandum of points and authorities, all applicable statutory and case law, and such argument as the Court will entertain at the motion hearing.

## INTRODUCTION

On September 16, 2015, Defendant Lee Alexander was sentenced in the Southern District of Indiana to 60 months imprisonment followed by 3 years of supervised release for his violations of 21 U.S.C. § 841(a), conspiracy to possess with intent to distribute 50 kilograms or more of marijuana, and 18 U.S.C. § 1956(a)(1)(B)(i), conspiracy to conduct financial transactions affecting interstate commerce. Mr. Alexander's supervision began on October 9, 2018 after he successfully spent several months at a halfway house and on home confinement. Jurisdiction was transferred to this District on October 22, 2018. His supervision is set to expire on October 8, 2021. Based on his successful performance on supervised release, his recent transfer to low-intensity supervision, and his desire to travel outside of the district for work to support his family, Mr. Alexander respectfully moves the Court for entry of an order of termination of his supervision. Probation does not object.

## BACKGROUND

In 2013, Mr. Alexander was one of several people charged with drug and money laundering charges. Larouche Decl., Att. A, PSR ¶¶ 1–2. Mr. Alexander was growing marijuana at his residence in California and distributing it for sale. PSR ¶¶ 7–14. At the time, he had a drug problem and used methamphetamine and cocaine. PSR ¶ 62. In 2015, he pleaded guilty to two counts: 21 U.S.C. § 841(a), conspiracy to possess with intent to distribute 50 kilograms or more of marijuana, and 18 U.S.C. § 1956(a)(1)(B)(i), conspiracy to conduct financial transactions affecting interstate commerce. PSR ¶ 6. Based on an offense level of 26 and criminal history category of III, his sentencing guideline range was 78 to 97 months. PSR ¶ 77. The court imposed a sentence of 60 months, followed by a 3-year term of supervised release. Larouche Decl., Att. B, Judgment.

While incarcerated, Mr. Alexander was committed to addressing his substance abuse issues, bettering himself, and obtaining skills that would allow him to reintegrate into society. In May 2018, he completed the Residential Drug Abuse Treatment Program (RDAP) while incarcerated and then successfully completed the out-of-custody portion of the program at the halfway house. Larouche Decl. ¶ 8, Att. C at 1–2. He also focused on positive programming and completed a 12-hour course on "Goal Setting," a two-month program on "Emotional Self-Regulation," a 24-hour course entitled "Parenting/Family Relations," and a 20-hour course for "7 Habits of Highly Effective People." Att. C at

3–6. Mr. Alexander developed work skills while incarcerated obtaining certificates in "Typing," "Media Strategies I," "Construction with Solar Energy," and "Commercial Truck Driving." Att. C at 7–10. Mr. Alexander was released from prison to the halfway house in June 2018, was at the halfway house until September 2018, and then completed his period of home confinement until October 2018 when his supervision officially began. Larouche Decl. ¶ 2, 10. Jurisdiction was transferred to this District on October 22, 2018. Dkt. 1, Transfer of Jurisdiction.

Upon release from custody, Mr. Alexander has maintained and improved his employment. While at the halfway house, he worked at Home Depot and in construction. Larouche Decl. ¶ 2. He then attended trucking school and has been working full-time as a truck driver. *Id*. Mr. Alexander has also demonstrated progress in addressing his substance abuse issues since his release. He has been negative on all his drug tests and complied with all treatment and counseling requirements. *Id*. ¶ 3. Initially, he attended outpatient sessions once a week, but as he made progress, he was only required to attend every two weeks, and now only once a month. *Id*.

Mr. Alexander is very fortunate to have the support of his wife and two children, ages 22 and 21, with whom he resides. *Id*. ¶ 4. Since the pandemic, however, his family members have lost their jobs. *Id*. His wife worked at BJ's restaurant as a server, but has not had work. *Id*. Both of his children—his son a medical assistant, and his daughter a recent graduate of Sonoma State—have been unable to work. *Id*. While his family members receive unemployment, Mr. Alexander is now the sole provider for the family. *Id*. He wants to do more and there is a possibility that he could make more money and have more work options if he was available to accept truck routes that took him out of the Northern District. *Id*. ¶ 5. Because he must seek prior approval for out-of-district travel, however, it makes accepting such routes challenging. *Id*.

Finally, U.S. Probation Officer Carla Navarro recently became Mr. Alexander's supervising officer when, because of his compliance, he was transferred to low-intensity supervision in May 2020. Larouche Decl. ¶ 10. Officer Navarro has no objection to this motion for early termination. *Id*.

## ARGUMENT

Under 18 U.S.C. § 3583(e), the Court has the authority to grant early termination of a previously imposed term of supervised release. Section 3583(e)(1) provides:

  (e) Modification of conditions or revocation.– The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

    (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. P. 32.1(c)(1), (2)(B) & (C) (providing for hearings for modifications of supervised release, unless the result is favorable to the person supervised and the government does not object after notice).

  As of the filing of this motion, Mr. Alexander will have successfully completed 20 months of his 3-year term of supervised release. He has been performing exceptionally well on supervised release: he has had no new contact with law enforcement, has complied with all reporting requirements, has complied with all testing and treatment requirements, and maintained employment. This excellent performance resulted in probation transferring Mr. Alexander to low-intensity supervision in May 2020. Mr. Alexander has shown that he understands he violated the law and had to face his punishment, but that he has turned away from that past and onto a new law-abiding path with the support of his family. At this point, however, supervision is a greater burden on Mr. Alexander than is necessary.

  As a truck driver, Mr. Alexander would like to be able to take on additional truck routes that would include driving out of the Northern District. However, under his current supervision conditions, it is difficult for him to be in a position to quickly accept such routes. His desire to work on additional routes is especially heightened because his family members have not been able to work because of the COVID-19 pandemic. Having the ability to accept quickly out-of-district trucking routes would greatly help Mr. Alexander and his family.

  The Ninth Circuit has addressed the issue of early termination of supervision, holding that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Equally as important, *Emmett* held that § 3583(e) "does not support a legal standard that categorically requires a petitioner to demonstrate an undue hardship." *Id*. Instead, "[d]istrict courts are directed to exercise discretion in light

of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would completely disregard the statute." *Id.* (internal quotations and citation omitted). Accordingly, any argument that a defendant must demonstrate some sort of exceptional circumstance in order to justify early termination is unfounded.

In its wide discretion, the Court may consider the sentencing factors at § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* 18 U.S.C. § 3583(e)(1). Here, Mr. Alexander's offense was serious as it involved the distribution of drugs, however, the drug at issue was marijuana. At the time of the offense, he was struggling with his own drug abuse issues and using methamphetamine and cocaine. Mr. Alexander's characteristics are different now after he has graduated from the RDAP program and has been clean since his release in 2018. Accordingly, § 3553(a)(1) weighs in his favor. As to deterrence and the need to protect the public from the defendant, § 3553(a)(2)(B) and (C), Mr. Alexander has had no contact with law enforcement or positive drug tests that would trigger these concerns. It is also notable that the sentencing judge imposed a below-guideline sentence of 60 months and that Mr. Alexander is near the 2-year mark of his 3-year term of supervised release. *See* § 3553(a)(4). None of the remaining § 3553(a) factors suggest early termination is inappropriate—there are no pertinent policy statements, there is no suggestion of a need to protect against unwarranted sentencing disparities, and there is no restitution owed to victims. *See* 18 U.S.C. § 3553(a)(5), (6), (7). In sum, the factors set forth in § 3583(e) weigh in favor of early termination.

Further, the Guide to Judiciary Policy governing post-conviction supervision of federal offenders also supports early termination. It instructs:

> At 18 months [of supervision], there is a presumption in favor of recommending early termination for persons who meet the following criteria:
>
> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victims;
> (3) The person is free from any court-reported violations over a 12-month period;
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and

(6) The person engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

Larouche Decl., Att. D, Judicial Policy § 360.20(c) Early Termination.[1] Mr. Alexander meets all of the above criteria. As such, the probation office's own policy dictates that he is presumed to be eligible for termination.

Lastly, society will benefit from termination of supervision because unnecessary supervision costs will not be expended and Mr. Alexander will be better able to financially support his family.

In sum, Mr. Alexander is eligible for early termination based on the applicable statute, Ninth Circuit case law, and the policy recommendations of Probation. Early termination is warranted based on his 20 months of positive performance on supervised release. Accordingly, Mr. Alexander has shown his conduct and the interests of justice would be served by early termination.

## CONCLUSION

For the forgoing reasons, Mr. Alexander respectfully requests that the Court grant his motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Date: June 20, 2020           __/S_____
                              ELISSE LAROUCHE
                              Attorney for Defendant

---

[1] Available at: http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20